KM

1

2  **WO**

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9  Lon Roger Coleman,                    No.  CV 12-8199-PCT-DGC (JFM)

10                 Plaintiff,

11  vs.                                    **ORDER**

12

13  Charles L. Ryan, et al.,

14                 Defendants.

15         Plaintiff Lon Roger Coleman, who is confined in the Arizona State Prison

16  Complex-Tucson, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and

17  an Application to Proceed *In Forma Pauperis*.  In a November 27, 2012 Order, the Court

18  denied the Application to Proceed with leave to re-file.  On January 2, 2013, Plaintiff

19  filed a new, deficient Application to Proceed (Doc. 7).  The Court will deny the deficient

20  Application to Proceed and will give Plaintiff 30 days to pay the fee or file a complete

21  Application to Proceed *In Forma Pauperis*.

22         Plaintiff has also filed a "Motion for Ruling the Temporary Restraining Order as

23  Requested in the Complaint" (Doc. 9).  The Court will grant the Motion for Ruling and

24  deny Plaintiff's request for a temporary restraining order and preliminary injunction.

25  **I.      Payment of Filing Fee**

26         When bringing an action, a prisoner must either pay the $350.00 filing fee in a

27  lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee

28  incrementally as set forth in 28 U.S.C. § 1915(b)(1).  An application to proceed *in forma*

*pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint.  28 U.S.C. § 1915(a)(2).  An inmate must submit statements from each institution where the inmate was confined during the six-month period.  *Id.*  To assist prisoners in meeting these requirements, the Court requires use of a form application.  LRCiv 3.4.

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater.  28 U.S.C. § 1915(b)(1).  An initial partial filing fee will only be collected when funds exist.  28 U.S.C. § 1915(b)(4).  The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).

## II.   Application Fails to Comply With Statute

Plaintiff has used the court-approved form for filing his second Application to Proceed, but the "Certificate of Correctional Official as to Status of Applicant's Trust Account" section is not completed, and Plaintiff has not submitted a certified six-month trust account statement.  In light of these deficiencies, the Court will deny the Application to Proceed and will give Plaintiff 30 days to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis*.

The Arizona Department of Corrections (ADOC) has notified the Court that a certified trust fund account statement showing deposits and average monthly balances is available from the ADOC's Central Office.  *Accordingly, Plaintiff must obtain the certified copy of his ADOC trust fund account statement for the six months immediately preceding the filing of the Complaint from the ADOC's Central Office*.

Plaintiff has attached memorandum to his Application to Proceed in which he explains that he has had difficulty obtaining a certified six-month trust account statement.  Plaintiff should include a copy of this Order in his request to the ADOC's Central Office.

JDDL

**III.     Request for Temporary Restraining Order and Preliminary Injunction**

Plaintiff seeks a temporary restraining order and preliminary injunction requiring ADOC staff to: "(1) acknowledge [Plaintiff's] mental illness/disability; (2) cease disciplinary action and harassment for the illness and retaliation for seeking relief from abuse; (3) restore risk/mental health status to that which existed prior to 4/3/12 as [his] condition is unchanged; (4) purge [his] file of all disciplinary records relative to [his] disability; [and] (5) assign an ADA porter officially for food and hygiene procurement."

A temporary restraining order can be issued without notice

> only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).  *See also* LRCiv 61.1.1 ("Ex parte restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure.").  Plaintiff has not certified to the Court what efforts, if any, he has made to give the Defendant notice of the Motion.

Moreover, whether to grant or deny a motion for a temporary restraining order is within the Court's discretion.  *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979).  "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."  *Whitman v. Hawaiian Tug & Barge Corporation/Young Bros., Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998).  To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365,  374 (2008).  The moving party has the burden of proof on each element of the test.

JDDL

Environmental Council of *Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Plaintiff's request for a temporary restraining order and preliminary injunction is not in the form of a proper motion and addresses none of the factors for issuing a preliminary injunction. The Court will therefore deny Plaintiff's request for a temporary restraining order and preliminary injunction.

**IV.   Warnings**

   **A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   **C.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 7) is **denied without prejudice**.

(2)   Within 30 days of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee **or** file a complete Application to Proceed *In Forma Pauperis* **and a certified six-month trust account statement**.

JDDL

1    (3)    If Plaintiff fails to either pay the $350.00 filing fee or file a complete

2    Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter

3    a judgment of dismissal of this action without prejudice and without further notice to

4    Plaintiff.

5    (4)    Plaintiff's Motion for Ruling on Temporary Restraining Order (Doc. 9) is

6    **granted**.

7    (5)    Plaintiff's request for a temporary restraining order and preliminary

8    injunction, contained in the Complaint, is **denied without prejudice**.

9    (6)    The Clerk of the Court must mail Plaintiff a court-approved form for filing

10    an Application to Proceed *In Forma Pauperis* (Non-Habeas).

11    Dated this 17th day of April, 2013.

12

13

14    _____

15    David G. Campbell

16    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

**JDDL**

- 5 -

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis*
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the full filing fee of $350.00 for a civil action.  If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full filing fee, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint, petition, or notice of appeal.

If you do not have enough money to pay the full filing fee, you can file the action without prepaying the filing fee.  However, the court will assess an initial partial filing fee.  The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit.  The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income.  The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00.  The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months.  If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined.  If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 4/9/06

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| _____, | ) | CASE NO. _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | APPLICATION TO PROCEED |
| | ) | *IN FORMA PAUPERIS* |
| _____, | ) | BY A PRISONER |
| Defendant(s). | ) | CIVIL (NON-HABEAS) |
| | ) | |

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained? ☐Yes  ☐No    If "Yes," how many have you filed? _____.
Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?    ☐Yes  ☐No    If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?    ☐Yes    ☐No
If "Yes," state the amount of your pay and where you work. _____
_____
_____

3. Do you receive any other payments from the institution where you are confined?    ☐Yes    ☐No
If "Yes," state the source and amount of the payments. _____
_____
_____

4.   Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                                                    ☐Yes          ☐No
If "Yes," state the sources and amounts of the income, savings, or assets. _____
_____
_____

I declare under penalty of perjury that the above information is true and correct.

_____                    _____
        DATE                                              SIGNATURE OF APPLICANT

---

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information.  I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).

My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:

(A)  the average monthly deposits to my account for the six-month period preceding my filing of this action, or

(B)  the average monthly balance in my account for the six-month period preceding my filing of this action.

My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income.  Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full.  I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

_____                    _____
        DATE                                              SIGNATURE OF APPLICANT

---

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
                (Printed name of official)

The applicant's trust account balance at this institution is:                           $_____
The applicant's average monthly deposits during the prior six months is:      $_____
The applicant's average monthly balance during the prior six months is:        $_____
The attached certified account statement accurately reflects the status of the applicant's account.

---

DATE            AUTHORIZED SIGNATURE            TITLE/ID NUMBER            INSTITUTION

Revised 4/9/06                    2