KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lon Roger Coleman, | No.   CV 12-8199-PCT-DGC (JFM) |
| Plaintiff, | |
| vs. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Lon Roger Coleman, who is confined in the Arizona State Prison Complex-Tucson, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis*.  In a November 27, 2012 Order, the Court denied the Application to Proceed with leave to re-file.  Plaintiff filed a new, deficient Application to Proceed which the Court also denied with leave to re-file. On May 20, 2013, Plaintiff filed a third Application to Proceed (Doc. 14).  The Court will order Defendants Schiff, Gordanier, Puckett, and Blackard to answer Counts Two, Six, and Eight of the Complaint, and will dismiss the remaining claims and Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's third Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).   The Court will not assess an initial partial filing fee.   28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the

1    previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C.

2    § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government

3    agency to collect and forward the fees according to the statutory formula.

4    **II.     Statutory Screening of Prisoner Complaints**

5        The Court is required to screen complaints brought by prisoners seeking relief

6    against a governmental entity or an officer or an employee of a governmental entity.  28

7    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

8    has raised claims that are legally frivolous or malicious, that fail to state a claim upon

9    which relief may be granted, or that seek monetary relief from a defendant who is

10   immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11       A pleading must contain a "short and plain statement of the claim *showing* that the

12   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

13   does not demand detailed factual allegations, "it demands more than an unadorned, the-

14   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

15   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

16   conclusory statements, do not suffice."  *Id.*

17       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

18   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

19   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

20   content that allows the court to draw the reasonable inference that the defendant is liable

21   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

22   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

23   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

24   specific factual allegations may be consistent with a constitutional claim, a court must

25   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

26   at 681.

27       But as the United States Court of Appeals for the Ninth Circuit has instructed,

28   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

**TERMPSREF**

1   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

2   stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*

3   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

4   **III.    Complaint**

5          Plaintiff raises eight claims for relief in the Complaint and names the following

6   Defendants: Arizona Department of Corrections (ADOC) Director Charles L. Ryan;

7   Senior Adult Probation Officer Michael Holland; Warden Sullivan; Assistant Deputy

8   Warden Palosaari; Lieutenant Gordanier; Security Staff Sergeant Morrish; Security Staff

9   Captain Schitter; Mental Health Supervisor L. Schiff; Medical Health Services

10  Administrator J. A. Clenney; Unknown MTC Employee in Charge of Inmate Movement;

11  Security Staff Officer Puckett; Unknown Grievance Coordinator; Security Staff Officer

12  Krakenbuhl; Warden Ryder; and Security Staff Officer Blackard.  Plaintiff seeks

13  injunctive relief and money damages.

14  **IV.    Discussion**

15          **A.    Count One**

16          In Count One, Plaintiff claims his Sixth and Fourteenth Amendment rights were

17  violated when Defendant Holland submitted a report to a trial court judge which was

18  "factually inaccurate and grossly distorted, [and] omitted and/or fabricated facts which

19  were relied upon for sentencing consideration in a case for which [Plaintiff] was a

20  Defendant."  Plaintiff claims that as a result of the inaccurate report, the trial judge was

21  denied the opportunity to consider exculpatory evidence and mitigating circumstances

22  during sentencing and Plaintiff has suffered psychological harm in prison.

23          A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a

24  judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction

25  or sentence," unless the prisoner demonstrates that the conviction or sentence has

26  previously been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512

27  U.S. 477, 486-87 (1994).  Plaintiff's claim that the trial judge failed to consider

28  exculpatory evidence and mitigating circumstances during sentencing implies the

**TERMPSREF**

1   invalidity of Plaintiff's sentence, and his claim is therefore barred by *Heck*.  The Court

2   will dismiss Count One for failure to state a claim.

3           **B.**      **Count Two**

4           In Count Two, Plaintiff claims a violation of his Eighth Amendment rights and

5   rights under the Americans with Disabilities Act (ADA).    Plaintiff alleges that on

6   April 3, 2012, Defendant Gordanier directed Plaintiff to go outside while security staff

7   conducted a quarterly search of his dorm.  Plaintiff informed Defendant Gordanier that

8   going outside caused Plaintiff to suffer panic attacks, blackouts, vertigo, personality

9   alterations, migraines, and/or nausea due to Plaintiff's mental illness.  Plaintiff also

10  explained that he had not been outside of the building in seven months and that during

11  previous quarterly searches staff accommodated his disability without a problem.

12  Defendant Gordanier told Plaintiff that he had discussed Plaintiff's situation with

13  Defendant Schiff and had been told by Defendant Schiff that Plaintiff's mental illness did

14  not prevent Plaintiff from going outdoors.

15          Plaintiff claims that Defendant Gordanier refused to review Plaintiff's medical

16  documentation, handcuffed Plaintiff, and had Plaintiff physically taken out of the

17  building and across the yard to disciplinary housing.  Plaintiff claims that he blacked out

18  at the door and later awoke on the floor of CDU cell.  Defendants Gordanier and Morrish

19  then issued two disciplinary tickets to Plaintiff for "disobedience" with respect to

20  Plaintiff's failure to leave the building and "obstructing and delaying staff performance of

21  duties" with respect to Plaintiff passing out.

22          Plaintiff further claims that he sent written complaints to Defendants Sullivan and

23  Palosaari, who failed to intervene on his behalf.  Finally, Plaintiff claims Defendant

24  Schitter conducted Plaintiff's disciplinary hearing and refused to consider witness

25  accounts of Plaintiff's disability.

26          **1.**      **Eighth Amendment and ADA Claims**

27          Liberally construed, Plaintiff has stated an Eighth Amendment deliberate

28  indifference claim against Defendants Gordanier and Schiff with respect to his

1   allegations that these Defendants ignored a serious risk of harm to Plaintiff when they

2   required him to move outdoors.   Plaintiff has also adequately stated an ADA claim

3   against these Defendants based on his allegation that Defendants failed to accommodate

4   his mental illness.

5               **2.      Grievances**

6       The mere denial of a grievance does not give rise to the inference of active

7   unconstitutional behavior.   Where a defendant's only involvement in the allegedly

8   unconstitutional conduct is the denial of administrative grievances, the failure to

9   intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not

10  amount to active unconstitutional behavior for purposes of § 1983.   *Shehee v. Luttrell*,

11  199 F.3d 295, 300 (6th Cir. 1999).   Accordingly, Plaintiff has failed to state a claim

12  against Defendants Sullivan and Palosaari in Count Two.

13              **3.      Disciplinary Action**

14      To the extent Plaintiff claims he was denied due process during disciplinary

15  hearings, he has failed to state a claim.   In analyzing a due process claim, the Court must

16  first decide whether Plaintiff was entitled to any process, and if so, whether he was

17  denied any constitutionally required procedural safeguard.   Liberty interests which entitle

18  an inmate to due process are "generally limited to freedom from restraint which, while

19  not exceeding the sentence in such an unexpected manner as to give rise to protection by

20  the Due Process Clause of its own force, nonetheless imposes atypical and significant

21  hardship on the inmate in relation to the ordinary incidents of prison life."   *Sandin v.*

22  *Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

23      To determine whether an inmate is entitled to the procedural protections afforded

24  by the Due Process Clause, the Court must look to the particular restrictions imposed and

25  ask whether they "'present the type of atypical, significant deprivation in which a state

26  might conceivably create a liberty interest.'"   *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th

27  Cir. 1995) (quoting *Sandin*, 515 U.S. at 486).   "Atypicality" requires not merely an

28  empirical comparison, but turns on the importance of the right taken away from the

**TERMPSREF**

1    prisoner. *See Carlo v. City of Chino*, 105 F.3d 493, 499 (9th Cir. 1997).  To determine

2    whether the sanctions are atypical and a significant hardship, courts look to prisoner's

3    conditions of confinement, the duration of the sanction, and whether the sanction will

4    affect the duration of the prisoner's sentence.  *See Keenan v. Hall*, 83 F.3d 1083, 1088-89

5    (9th Cir. 1996).

6         Plaintiff was not entitled to any due process procedural protections because

7    placement in disciplinary segregation is not an atypical and significant hardship.  *See*

8    *Sandin*, 515 U.S. at 475-76, 487 (30 days' disciplinary segregation is not atypical and

9    significant); *Smith v. Mensinger*, 293 F.3d 641, 654 (3rd Cir. 2002) (seven months of

10    disciplinary confinement "does not, on its own, violate a protected liberty interest");

11    *Jones v. Baker*, 155 F.3d 810 (6th Cir. 1998) (two and one-half years' administrative

12    segregation is not atypical and significant); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir.

13    1985) (prison authorities may change a prisoner's "place of confinement even though the

14    degree of confinement may be different and prison life may be more disagreeable in one

15    institution than in another" without violating a prisoner's due process rights); *Lucero v.*

16    *Russell*, 741 F.2d 1129 (9th  Cir. 1984) (administrative transfer to maximum security

17    without a hearing does not infringe on any protected liberty interest).  Plaintiff has

18    therefore failed to state a Fourteenth Amendment due process claim with respect to his

19    disciplinary proceedings.

20        **C.**    **Count Three**

21        In Count Three, Plaintiff alleges his Eighth and Fourteenth Amendment rights

22    were violated by Defendant Clenney.  Plaintiff states that he filed a Health Needs

23    Request asking for a medical mattress and pillow to alleviate pain Plaintiff experienced

24    from a spinal injury.  Plaintiff claims that Defendant Clenney responded by insisting that

25    Plaintiff visit the clinic at his facility to be evaluated by the doctor on staff.  Plaintiff

26    asserts that this was neither possible, due to his mental illness and inability to go outside,

27    or necessary.

28

1    Not every claim by a prisoner relating to inadequate medical treatment states a

2    violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a

3    plaintiff must show that the defendants acted with "deliberate indifference to serious

4    medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v.*

5    *Gamble*, 429 U.S. 97, 104 (1976)).   A plaintiff must show (1) a "serious medical need"

6    by demonstrating that failure to treat the condition could result in further significant

7    injury or the unnecessary and wanton infliction of pain and (2) the defendant's response

8    was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

9    "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d

10   1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must

11   both know of and disregard an excessive risk to inmate health; "the official must both be

12   aware of facts from which the inference could be drawn that a substantial risk of serious

13   harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825,

14   837 (1994).   Deliberate indifference in the medical context may be shown by a

15   purposeful act or failure to respond to a prisoner's pain or possible medical need and

16   harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may

17   also be shown when a prison official intentionally denies, delays, or interferes with

18   medical treatment or by the way prison doctors respond to the prisoner's medical needs.

19   *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

20   Deliberate indifference is a higher standard than negligence or lack of ordinary

21   due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor

22   gross negligence will constitute deliberate indifference."  *Clement v. California Dep't of*

23   *Corrections*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter*

24   *Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

25   "medical malpractice" do not support a claim under § 1983).   "A difference of opinion

26   does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

27   *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,

28   without more, is insufficient to state a claim against prison officials for deliberate

1    indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

2    (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

3    "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

4          Plaintiff has not alleged facts demonstrating that Defendant Clenney was

5    deliberately indifferent to Plaintiff's serious medical needs; Plaintiff's facts show only

6    that Defendant Clenney required Plaintiff to be evaluated by a doctor before issuing the

7    medical mattress.  This is not sufficient to state an Eighth Amendment medical claim.

8    The Court will dismiss Count Three for failure to state a claim.

9          **D.     Count Four**

10         Plaintiff claims in Count Four that Defendants Puckett, Blackard, and Krakenbuhl

11   processed Plaintiff's possessions after Plaintiff was transferred to disciplinary

12   segregation.  Plaintiff claims that several non-contraband items were lost or destroyed.

13         Where the negligent conduct of a prison official causes the loss of a prisoner's

14   property, the loss does not amount to a deprivation under the Due Process Clause.

15   *Daniels v. Williams*, 474 U.S. 329, 331-332 (1986) (overruling *Parratt v. Taylor*, 451

16   U.S. 527 (1981), "to the extent that it states that mere lack of due care by a state official

17   may 'deprive' an individual of life, liberty, or property under the Fourteenth

18   Amendment.").  "[T]he Due Process Clause is simply not implicated by a *negligent* act of

19   an official causing unintended loss of or injury to life, liberty or property."  *Daniels*, 474

20   U.S. at 328 (emphasis in original).  Therefore, where a prisoner alleges that prison

21   officials lost or misplaced his property, or otherwise claims that an official's negligent act

22   caused his property loss, he fails to state a claim.  The Court will dismiss Count Four for

23   failure to state a claim.

24         **E.     Count Five**

25         In Count Five, Plaintiff claims his Sixth, Eighth, and Fourteenth Amendment

26   access-to-the-court rights were violated when he did not receive mail from the Court

27   because of his inability to leave his building to pick up his mail.  Plaintiff claims that

28   Defendants Schiff and Sullivan were aware of Plaintiff's mental illness, but instructed the

1   mail room clerk not to deliver Plaintiff's mail to Plaintiff in his cell.  Plaintiff claims that

2   withholding of his mail "affected [his] handling of a habeas petition for which a rul[ing]

3   was sent on 9/7/11 and not given to [Plaintiff] until 1/17/12."

4         The right of meaningful access to the courts prohibits officials from actively

5   interfering with inmates' attempts to prepare or file legal documents.  *Lewis v. Casey*,

6   518 U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring

7   petitions or complaints to federal court and not a right to discover such claims or even to

8   ligate them effectively once filed with a court.  *Id.* at 354.  The right "guarantees no

9   particular methodology but rather the conferral of a capability–the capability of bringing

10   contemplated challenges to sentences or conditions of confinement before the courts."

11   *Id.* at 356.

12         As a matter of standing, for an access-to-courts claim, a plaintiff must show that

13   he suffered an "actual injury" with respect to contemplated litigation.  *Id*. at 349.  To

14   show actual injury with respect to contemplated litigation, the plaintiff must demonstrate

15   that the defendants' conduct frustrated or impeded him from bringing to court a

16   nonfrivolous claim that he wished to present.  *Id*. at 352-53.

17         "[T]he injury requirement is not satisfied by just any type of frustrated legal

18   claim."  *Id*. at 354.  The right of access to the courts "does not guarantee inmates the

19   wherewithal to transform themselves into litigating engines capable of filing everything

20   from shareholder derivative actions to slip-and-fall claims."  *Id*. at 355.  The nonfrivolous

21   claim must be a direct or collateral attack on the inmate's sentence or a challenge to the

22   conditions of his confinement.  *Id*.  "Impairment of any *other* litigating capacity is simply

23   one of the incidental (and perfectly constitutional) consequences of conviction and

24   incarceration."  *Id*. (emphasis in original).

25         Plaintiff has not demonstrated that Defendant Schiff or Sullivan actively interfered

26   with his right to prepare or file legal documents.  Plaintiff's habeas case was dismissed

27   without prejudice as premature on September 7, 2011.  This ruling was issued because

28   Plaintiff had not exhausted state court remedies; Plaintiff habeas petition was not

1   dismissed as result of Plaintiff's failure to comply with a court order or inability to file

2   documents with this court.  Accordingly, the Court will dismiss Count Five for failure to

3   state a claim.

4          **F.**    **Count Six**

5          Plaintiff alleges in Count Six that his First Amendment right to free exercise of

6   religion was violated when Defendants Puckett and Blackard confiscated Plaintiff's

7   rosary.  Plaintiff claims that the rosary was issued to him by the ADOC Chaplaincy and

8   was not contraband.  Plaintiff claims the confiscation of his rosary violated his right to

9   exercise his religion and that he lost the therapeutic value of the rosary.  Liberally

10  construed, Plaintiff has adequately stated a First Amendment claim against Defendants

11  Puckett and Blackard and the Court will require these Defendants to answer Count Six.

12         Plaintiff further claims that Defendants Ryan and Sullivan promulgated policies

13  resulting in the confiscation of Plaintiff's rosary and were negligent in supervising their

14  employees.  To state a valid claim under § 1983, plaintiffs must allege that they suffered

15  a specific injury as a result of specific conduct of a defendant and show an affirmative

16  link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S.

17  362, 371-72, 377 (1976).  There is no *respondeat superior* liability under § 1983, and

18  therefore, a defendant's position as the supervisor of persons who allegedly violated

19  Plaintiff's constitutional rights does not impose liability.  *Monell v. New York City*

20  *Department of Social Services*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981

21  F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

22  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must

23  plead that each Government-official defendant, through the official's own individual

24  actions, has violated the Constitution."  *Iqbal*, 129 S. Ct. at 1948.

25         Plaintiff has failed to describe the policies implemented by Defendants Ryan and

26  Sullivan that resulted in the confiscation of his rosary; rather Plaintiff's facts indicate that

27  Defendants Puckett and Blackard acted contrary to policy by confiscating a non-

28  contraband religious item.  Further, Defendants Ryan and Sullivan are not liable based

**TERMPSREF**

1    solely on their position as supervisors of Defendants Puckett and Blackard.  Plaintiff has

2    failed to state a claim in Count Six against Defendants Ryan and Sullivan.

3            **G.**      **Count Seven**

4            In Count Seven, Plaintiff claims his Fourth, Eighth, and Fourteenth Amendment

5    rights were violated when Defendant Unknown MTC Employee retaliated against him.

6    Plaintiff claims that Defendant Unknown MTC Employee directed Plaintiff to move from

7    CDU to a regular dorm even though Defendant was aware "that doing so would provoke

8    a recurrence of the events of 4/3/2012, resulting in the issuance of more disciplinary

9    tickets," and disregarded a substantial risk of harm to Plaintiff.  Plaintiff claims that he

10   declined to move and Defendant MTC Employee retaliated by issuing two disciplinary

11   tickets to Plaintiff based on Plaintiff's failure to move.

12           Plaintiff has not demonstrated that Defendant Unknown MTC Employee retaliated

13   against him for the exercise of his First Amendment rights or that the disciplinary tickets

14   were issued without legitimate penological justification.  Plaintiff's facts indicate that

15   Defendant directed Plaintiff to move, Plaintiff refused, and Defendant issued the

16   disciplinary tickets in response to Plaintiff's refusal, not in response to Plaintiff's exercise

17   of his First Amendment rights.

18           To the extent that Plaintiff also claims Defendants Sullivan, Ryder, and Unknown

19   Grievance Coordinator have failed to respond grievances, he has failed to state a claim.

20   *See Shehee*, 199 F.3d at 300 (defendants did not commit constitutional violations when

21   they denied administrative grievances, failed to intervene on plaintiff's behalf, and failed

22   to remedy allegedly unconstitutional behavior).  Plaintiff's allegations that he has been

23   subjected multiple housing transfers, solitary confinement, and confined in unsanitary

24   conditions also fail to state a claim because Plaintiff has not linked these allegations to

25   any of the named Defendants.  *See Rizzo*, 423 U.S. at 371-72, 377 (to state a valid claim

26   under § 1983, plaintiffs must allege that they suffered a specific injury as a result of

27   specific conduct of a defendant and show an affirmative link between the injury and the

28   conduct of that defendants).

1    The Court will dismiss the retaliation, grievance, and conditions of confinement

2 claims in Count Seven.

3    However, Plaintiff's allegations adequately state an Eighth Amendment claim for

4 deliberate indifference against Defendant MTC Employee.   Although Plaintiff has

5 alleged his claim with enough specificity to require an answer, the Court will not direct

6 that service be made on the Defendant Unknown MTC Employee at this time. The use of

7 anonymous appellations to identify defendants is not favored, and as a practical matter, it

8 is in most instances impossible for the United States Marshal to serve a summons and

9 complaint upon an unidentified defendant.   If Plaintiff later discovers the identity of

10 Defendant Unknown MTC Employee, Plaintiff should amend his Complaint to name

11 him. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of

12 alleged defendants will not be known prior to filing of complaint, plaintiff should be

13 given an opportunity through discovery to identify the unknown defendants, unless it is

14 clear that discovery would not uncover the identities, or that the complaint would be

15 dismissed on other grounds (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.

16 1980))).   Plaintiff may amend his Complaint "once as a matter of course at any time

17 before a responsive pleading is served." Fed. R. Civ. P. 15(a).  After any Defendant has

18 filed an answer or other responsive pleading, however, Plaintiff must file a motion

19 requesting leave to amend and submit a proposed amended complaint.

20    **F.    Count Eight**

21    In Count Eight, Plaintiff claims his Eighth and Fourteenth Amendment rights and

22 rights under the ADA were violated when Defendant Schiff refused to authorize porter

23 assistance for Plaintiff.  Plaintiff claims that, because of his mental illness, he needs the

24 assistance of a porter to bring him meals.  Plaintiff claims that because Defendant Schiff

25 refused to authorize the assistance of a porter for Plaintiff, the porter is only able to bring

26 Plaintiff meals on an "unofficial" basis and, therefore, Plaintiff does not reliably receive

27 food.  Liberally construed, these allegations adequately state an Eighth Amendment claim

28

**TERMPSREF**

1    and claim under the ADA.  The Court will require Defendant Schiff to answer Count

2    Eight.

3           To the extent that Plaintiff claims Defendants Sullivan, Palosaari, Clenney, and

4    Unknown Grievance Coordinator failed to adequately respond to his grievances, he fails

5    to state a claim.  *See Shehee*, 199 F.3d at 300.

6    **V.      Motions**

7           **A.      Motion to Appoint Counsel**

8           Plaintiff filed a Motion to Appoint Counsel with the Complaint.  There is no

9    constitutional right to the appointment of counsel in a civil case.  *See Ivey v. Board of*

10   *Regents of the University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings *in*

11   *forma pauperis*, the court may request an attorney to represent any person unable to

12   afford one.   28 U.S.C. § 1915(e)(1).   Appointment of counsel under 28 U.S.C.

13   § 1915(e)(1) is required only when "exceptional circumstances" are present.  *Terrell v.*

14   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).   A determination with respect to

15   exceptional circumstances requires an evaluation of the likelihood of success on the

16   merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the

17   complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and

18   both must be viewed together before reaching a decision."   *Id.* (quoting *Wilborn v.*

19   *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

20          Having considered both elements, it does not appear at this time that exceptional

21   circumstances are present that would require the appointment of counsel in this case.

22   Plaintiff is in no different position than many *pro se* prisoner litigants.  Thus, the Court

23   will deny without prejudice Plaintiff's Motion to Appoint Counsel.

24          **B.      Motion to Reconsider Denial of TRO**

25          On May 15, 2013, Plaintiff filed a "Notice of Non-Compliance, Motion for TRO

26   Reconsideration, Motion for Assignment of Counsel."   Plaintiff asks that the Court

27   appoint counsel and that the Court reconsider its denial of a Temporary Restraining

28   Order.  The Court will deny the request for appointment of counsel for the reasons stated

TERMPSREF

- 13 -

1  above.   Further, the Court has reviewed Plaintiff's original request for a Temporary

2  Restraining Order, the April 17, 2013 denial of that request, and Plaintiff's Motion for

3  Reconsideration.   The Court finds no basis for reconsideration of the denial of a

4  Temporary Restraining Order and will deny the Motion.

5  **VI.   Warnings**

6  **A.   Release**

7  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his

8  release.  Also, within 30 days of his release, he must either (1) notify the Court that he

9  intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to

10  comply may result in dismissal of this action.

11  **B.   Address Changes**

12  Plaintiff must file and serve a notice of a change of address in accordance with

13  Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

14  for other relief with a notice of change of address.  Failure to comply may result in

15  dismissal of this action.

16  **C.   Copies**

17  Plaintiff must serve Defendants, or counsel if an appearance has been entered, a

18  copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a

19  certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also,

20  Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv

21  5.4.  Failure to comply may result in the filing being stricken without further notice to

22  Plaintiff.

23  **D.   Possible Dismissal**

24  If Plaintiff fails to timely comply with every provision of this Order, including

25  these warnings, the Court may dismiss this action without further notice.  *See Ferdik v.*

26  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action

27  for failure to comply with any order of the Court).

28  / / /

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 14) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)    Plaintiff's Motion to Appoint Counsel (Doc. 4) is **denied**.

(4)    Plaintiff's "Notice of Non-Compliance, Motion for TRO Reconsideration, Motion for Assignment of Counsel" (Doc. 13) is **denied**.

(5)    Counts One, Three, Four, and Five; the grievance and disciplinary portions of Count Two; and the retaliation, grievance, and conditions of confinement portions of Count Seven are **dismissed** without prejudice.

(6)    Defendants Ryan, Holland, Sullivan, Palosaari, Morrish, Schitter, Clenney, Unknown Grievance Coordinator, Krakenbuhl, and Ryder are **dismissed** without prejudice.

(7)    Defendants Schiff, Gordanier, Puckett, and Blackard must answer Counts Two, Six, and Eight.

(8)    The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Schiff, Gordanier, Puckett, and Blackard.

(9)    Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(10)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the

---

[1]If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

1    filing of the Complaint or within 60 days of the filing of this Order, whichever is later,

2    the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m);

3    LRCiv 16.2(b)(2)(B)(i).

4         (11)   The United States Marshal must retain the Summons, a copy of the

5    Complaint, and a copy of this Order for future use.

6         (12)   The United States Marshal must notify Defendants of the commencement

7    of this action and request waiver of service of the summons pursuant to Rule 4(d) of the

8    Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this

9    Order.  **The Marshal must immediately file signed waivers of service of the**

10   **summons.  If a waiver of service of summons is returned as undeliverable or is not**

11   **returned by a Defendant within 30 days from the date the request for waiver was**

12   **sent by the Marshal, the Marshal must**:

13            (a)    personally serve copies of the Summons, Complaint, and this Order

14       upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

15       and

16            (b)    within 10 days after personal service is effected, file the return of

17       service for Defendant, along with evidence of the attempt to secure a waiver of

18       service of the summons and of the costs subsequently incurred in effecting service

19       upon Defendant.  The costs of service must be enumerated on the return of service

20       form (USM-285) and must include the costs incurred by the Marshal for

21       photocopying additional copies of the Summons, Complaint, or this Order and for

22       preparing new process receipt and return forms (USM-285), if required.  Costs of

23       service will be taxed against the personally served Defendant pursuant to Rule

24       4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the

25       Court.

26       (13)   **A Defendant who agrees to waive service of the Summons and**

27   **Complaint must return the signed waiver forms to the United States Marshal, not**

28   **the Plaintiff.**

TERMPSREF

- 16 -

1    (14)   Defendants must answer the Complaint or otherwise respond by

2    appropriate motion within the time provided by the applicable provisions of Rule 12(a) of

3    the Federal Rules of Civil Procedure.

4    (15)   Any answer or response must state the specific Defendant by name on

5    whose behalf it is filed.  The Court may strike any answer, response, or other motion or

6    paper that does not identify the specific Defendant by name on whose behalf it is filed.

7    (16)   This matter is referred to Magistrate Judge James F. Metcalf pursuant to

8    Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

9    authorized under 28 U.S.C. § 636(b)(1).

10    Dated this 11th day of September, 2013.

11

12

13

14    David G. Campbell
       United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28