**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Lon Roger Coleman, Plaintiff -vs- Charles L. Ryan, et al., Defendants. | CV-12-8199-PCT-DGC (JFM) **Report and Recommendation Re Motion to Compel and Motion for Sanctions** |

Under consideration is Defendants' Motion to Compel and Motion for Sanctions against Plaintiff, filed April 18, 2014 (Doc. 44).

This matter is before the undersigned on referral from the District Judge, and the determination of the undersigned is dispositive of Plaintiff's claims.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. §28(b)(1)(B) and (C).

**Background** − This action concerns allegations that Defendants violated Petitioner's civil rights by deliberate indifference to Plaintiff's medical needs as to his mental illness and a spinal injury and by interference with his religious liberties, and that Defendants violated the Americans with Disabilities Act, by failing to make reasonable accommodations for his mental illness..

On December 4, 2013, the Court entered a Scheduling Order (Doc. 23) exercising the Court's discretion under Rule 26 to require the parties to exchange disclosures, and setting January 13, 2014 as the deadline for initial disclosures. The Order further directed the parties to confer and submit a joint discovery plan/Rule 26(f) planning meeting report.

On February 3, 2014, Defendants filed a unilateral Report (Doc. 27) relating that a

conference between the parties had been arranged, including Plaintiff's transport to a prison facility where the conference could be conducted, but Plaintiff refused to come to the facility to complete the conference. As a result, on February 4, 2014, the Court ordered Plaintiff to show cause why the matter should not be dismissed pursuant to Rule 16(f). (Order 2/4/14, Doc. 28.) On February 10, 2014, Plaintiff responded (Doc. 29), asserting that he did not participate in the telephonic conference because he suffers from agoraphobia, participating would have required him to leave his dormitory, and he was unaware of the caller or purpose for the call that he refused to participate in. The Court found cause, and adopted Defendants' unilateral plan as the plan of the parties. (Order 2/19/14, Doc. 32.)

That same Order granted Defendants' motion to extend the deadline for disclosures of expert witnesses on the basis that Plaintiff had not served his initial disclosures, and was not cooperating in the provision of medical records to support his claims. The Court also set a "firm date for service of Plaintiff's initial disclosure statement," directing Plaintiff to serve his disclosures and file a notice of service within fourteen days. (*Id.* at 3.)

To date, Plaintiff has not filed a notice of service of his initial disclosure statement.

In an Order filed March 26, 2014, the Court granted another motion to extend the deadline for expert disclosures, again on the basis that Plaintiff was not cooperating with the discovery process. Defendants had reported that "Plaintiff refuses to participate in telephone calls to resolve their disputes." As a result, the Court directed Defendants to "schedule and initiate a telephone conference with Plaintiff to resolve disputes concerning outstanding discovery requests, medical record release authorizations, etc., unless such a conference has heretofore been completed, and shall thereafter promptly file a notice with the Court concerning the completion of the conference." (Order 3/26/14, Doc. 38 at 2.) The Order cautioned Plaintiff that "failure to participate in the required discovery conferences may result in the dismissal of this action." (*Id.*) To

2

further press the matter to a prompt resolution, he Order set a deadline for Defendants to "file any motion to compel or the like concerning Plaintiff's failure to serve responses to discovery, to make disclosures, etc." (*Id.*)

**Motion** – On April 18, 2014, Defendants filed the instant Motion to Compel and Motion for Sanctions (Doc. 44).  The motion reports that "[t]o date, Plaintiff has failed to provide his disclosure statement," and seeks an order compelling "Plaintiff to provide his disclosure statement." (*Id.* at 2.)

The motion further reports that Plaintiff has failed to respond to interrogatories, requests for production of documents, and requests for admission, argues that the admissions are deemed admitted, and seeks an order compelling responses. (*Id.*)

The motion further reports that Plaintiff has failed, after repeated requests, to provide releases to permit the discovery of his medical records, and seeks an order compelling the provision of releases. (*Id.* at 2-3.)

Finally, the motion seeks sanctions pursuant to Rules 37(b)(2)(A) and 37(c)(1), including dismissal, arguing "less onerous sanctions are unlikely to be effective in light of Plaintiff's continued refusal to participate in discovery."

**No Response** - Plaintiff has not responded to the motion, and the time to do so has expired.  Local Civil Rule 7.2(i) provides that failure to timely respond to a motion, "such non-compliance may be deemed a consent to the denial or granting of the motion, and the Court may dispose of the motion summarily."  The undersigned deems Plaintiff's failure to respond to be a consent to the granting of the motion.

Moreover, portions of the motion are well taken.

**Sanctions Regarding Failure to Obey Order** – Rule 37(b)(2)(A) provides that if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35 or 37(a), the court where the action is pending may issue further just orders."  The Rule provides for a variety of sanctions, including "(v) dismissing the action or proceeding in whole or in part."  The Rule further provides that "[i]nstead of or in addition [to the other permitted sanctions] the court must order the disobedient

party…to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Here, Defendants do not rely on Rule 35, which concerns orders for physical or mental examinations, to support their request for sanctions.

Rule 37(a) is inapplicable. In *Melendez-Garcia v. Sanchez*, 629 F.3d 25 (1st Cir. 2010), the court noted that the "plain language of Rule 37(b) provides that before a court can impose sanctions, the offending party must "fail[ ] to obey an order to provide or permit discovery." In that case, the only order directing the omitted discovery was one extending the deadline for its service, which the court could not construe as an order compelling the discovery. *Id.* at 33-34 and n. 6.  Here, although the Court has generically ordered the parties to provide disclosures, and has set deadlines for Plaintiff to do so, a motion compelling such disclosures has not heretofore been made nor granted.

Nor does Rule 26(f) apply. That rule provides, even where an exemption otherwise applies, for the court to order a discovery planning conference between the parties. Here, the Court did just that. (Scheduling Order 12/4/13, Doc. 23.) And, while Plaintiff failed to participate in that conference, the Court found good cause for his failure to do so. (Order 2/19/14, Doc. 32.)

It is true that the Court subsequently directed Plaintiff to participate in a conference for purposes of resolving the discovery disputes among the parties. (Order 3/26/14, Doc. 38 at 2.)  That conference, however, was not a discovery planning conference within the meaning of Rule 26(f).

Accordingly, Plaintiff has not failed to comply with  "an order under Rule 26(f), 35 or 37(a)," and thus sanctions under Rule 37(b)(2) are not available.

**Sanctions Regarding Failure to Disclose** – Defendants also seek sanctions pursuant to Rule 37(c)(1).  That rule provides that "on motion and after giving an opportunity to be heard," the court may impose a variety of sanctions when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)."

Here, Plaintiff has failed to make the disclosures required by Rule 26(a) or (e). In fact, he has yet to make any disclosures.

While this case ordinarily would have been subject to the exemptions from the disclosure requirements as "an action brought without an attorney by a person in the custody of…a state," Fed. R. Civ. P. 26(a)(1)(B)(iv), the Advisory Committee Note to the 2000 Amendments to Rule 26, recognize that "[e]ven in a case excluded by subdivision (a)(1)(B)…the court can order exchange of similar information in managing the action under Rule 16." Consequently, the Scheduling Order in this case provided that "notwithstanding the exemptions otherwise applicable, the parties will provide initial and continuing disclosure as required by Rule 26(a) and (e), Federal Rules of Civil Procedure." (Order 12/4/13, Doc. 23 at 2.)

Thus, sanctions are available under Rule 37(c)(1).

The authorized sanctions include preclusion of the undisclosed information or witnesses, reasonable expenses, advice of the failure to the jury, and "other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."[1] Fed. R. Civ. P. 37(c)(1). These include an order of dismissal under Rule 37(b)(2)(A)(v).

In determining whether to order dismissal under Rule 37(b)(2), the court "must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).

Here, the first two factors weigh in favor of dismissal. Plaintiff's refusal to provide disclosures, even after repeatedly being provided notice from the Court of the need to do so has "greatly impeded resolution of the case and prevented the district court from adhering to its trial schedule." *Malone*, 833 F.3d at 131. Thus, the public's interest

---

[1] Rule 37(c)(1)(C) necessarily excludes the sanction of a finding of contempt regarding examinations provided for in Rule 37(b)(2)(A)(vii).

in an expeditious resolution of cases and the Court's need to manage its docket call for dismissal.

The third factor also calls for dismissal. "In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131. Plaintiff has failed to make any disclosures. That alone would call for dismissal. Moreover, that failure has been compounded by his failures to respond to discovery requests, failures to participate in attempts to resolve discovery disputes, etc. Defendants have been left without any ability to prepare for trial.

The fourth factor, the policy in favor of deciding cases on the merits, weighs against a dismissal.

The fifth factor, the availability of less drastic sanctions, calls for dismissal. Plaintiff has repeatedly failed to participate in almost any aspect of the case since his complaint. He has failed to do so even in the face of orders directing such participation and alerting Plaintiff to the potential for detrimental effects. The Court and defendants have attempted to address these issues through a discovery conference, but "Plaintiff has refused to participate in any phone calls with counsel for Defendants regarding this discovery dispute." (Motion, Doc. 44 at 1.)

It is true that the Court found cause to excuse Plaintiff's failure to participate in the initial planning discovery conference because of his assertions of the detrimental effects of his mental illness and ignorance of the reason for the call. More recently, however Plaintiff has been explicitly made aware of the purpose of defense counsel's calls. His failure to respond to the instant motion indicates that Plaintiff has no valid reason for having not participated.

Moreover, even if it could be assumed that Plaintiff's agoraphobia somehow precluded him from participating in a phone call, such condition would not explain Plaintiff's failures to make written disclosures, or the related failures to respond to discovery or to respond to the instant motion.

Accordingly, the undersigned finds that the only less drastic resolution available is a dismissal without prejudice.

Weighing each of those factors, the undersigned concludes that a dismissal without prejudice is an appropriate sanction.

**Expenses** – While Rule 37(c)(1)(A) provides for an award of expenses, the rule does not make such an award mandatory. Rule 37(a)(5) provides that a grant of a motion to compel must, ordinarily, be accompanied by an award of expenses. Here, however, Defendants have not requested an award of expenses. Moreover, because the undersigned concludes the action should be dismissed under Rule 37(c), discovery and disclosure will no longer be relevant. Consequently, the motions to compel contained within the instant motion are not reached, and thus no award of expenses is made in relation thereto.

**IT IS THEREFORE RECOMMENDED** that Defendants' Motion to Compel and Motion for Sanctions against Plaintiff, filed April 18, 2014 (Doc. 44) be **GRANTED** to the extent of the relief provided herein.

**IT IS FURTHER RECOMMENDED** that the Complaint (Doc. 1) and this action be **DISMISSED WITHOUT PREJUDICE**.

## EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: May 21, 2014

_____
James F. Metcalf
United States Magistrate Judge

12-8199o Order 14 05 21 re RR on MCompel.docx